UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rigoberto Lopez and Fernando Lopez, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NDC OF ILLINOIS, INC. d/b/a )<br>ROSATI'S PIZZA; SANS OF )<br>MONTGOMERY, INC. d/b/a ROSATI'S )<br>PIZZA; SANCAR, INC., d/b/a ROSATI'S )<br>PIZZA OF DEKALB; ROSATI'S PIZZA )<br>PUB DEVELOPMENT-GENOA, )<br>LLC, and ARTURO CARLOS; )<br>)<br>Defendants. | Jury Trial Demanded |

## PLAINTIFFS' COMPLAINT

Rigoberto Lopez and Fernando Lopez bring this action against Defendants NDC of Illinois, Inc.; Sans of Montgomery, Inc.; Sancar, Inc; Rosati's Pizza Pub Development-Genoa, LLC; and Arturo Carlos; for their violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law.

### Background

1. Plaintiffs were Cooks employed by Defendants, they made pizzas in addition to the other items on the menu at the respective restaurant locations. Plaintiffs would consistently work more than 40 hours per week, but were not compensated at a one-and-a-half times their hourly rates for those overtime hours.

2. This Complaint arises from Defendants' failure to pay Plaintiffs one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek. Plaintiffs now seek to recover unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

## Venue

3. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in Kendall County, Will County, Kane County, DeKalb County, and this judicial district.

4. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## Parties

5. Rigoberto was employed with Defendants from approximately 2007 to July 2020 when he was terminated. Rigoberto worked as a Cook.

6. Rigoberto worked at one of defendant restaurant locations: Rosati's Pizza in Oswego (NDC of Illinois); but also received a paycheck issued by Rosati's Pizza in Montgomery (Sans of Montgomery).

7. Fernando was employed with Defendants most recently from approximately February 2017 to June 2020, when he was terminated. Fernando worked as a Cook.

8. Fernando worked at four defendant restaurant locations: Rosati's Pizza in Oswego (NDC of Illinois); Rosati's Pizza in Montgomery (Sans of Montgomery); Rosatis Pizza in DeKalb (Sancar, Inc.); and Rosatis Pizza in Genoa (Rosati's Pizza Pub Development- Genoa, LLC).

9. Defendant NDC of Illinois, Inc. does business under the name Rosati's Pizza in Oswego ("NDC" or "Rosati's Oswego").

10. Defendant Sans of Montgomery does business under the name Rosati's Pizza in Montgomery (sometimes referred to as Rosati's Pizza Pub) ("Sans" or "Rosati's Montgomery").

11. Rosati's Pizza of DeKalb is the d/b/a for Sancar, Inc., ("Sancar" or "Rosati's DeKalb")

12. Rosati's Pizza of Genoa is the d/b/a for Rosati's Pizza Pub Development- Genoa, LLC ("Rosati's Genoa").

13. Defendant Arturo Carlos owns, manages, and operates the defendant entities named in this suit ("Carlos" or "Defendant Carlos").

## Additional Facts

14. Carlos held supervisory authority over Plaintiffs and he maintained control over the employment practices of the defendant entities, including but not limited to Plaintiffs' and other employees' compensation.

15. Carlos is also the individual that hired both Plaintiffs, set the rate of compensation for them, and terminated both Plaintiffs' employment.

16. Carlos is an experienced restaurant owner, and is well aware of the laws and regulations surrounding payment of wages and overtime. Despite this, he and the defendant restaurants knowingly and willfully failed and refused to follow the law with their compensation practices.
17. Plaintiffs were paid by the hour.
18. Plaintiffs consistently worked over 40 hours per workweek during the relevant time period.
19. Defendants paid Plaintiff Rigoberto with a combination of payroll checks and cash.
20. Defendants paid Plaintiff Fernando solely with payroll checks.
21. Defendants never paid Plaintiffs one-and-a-half times their regular hourly rates of pay for hours worked in excess of forty in a workweek.
22. During the relevant times and as stated above, the defendant entities and Arturo Carlos were Plaintiffs' employers for the purposes of the FLSA and IMWL.

### Enterprise Status

23. During the relevant time period, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities through unified operation and/or common control for a common business purpose.

24. During the relevant time period, the defendant entity restaurants owned or operated by Carlos collectively engaged in well over $500,000 in annual revenue.

## COUNT I – FAIR LABOR STANDARDS ACT

25. Plaintiffs incorporate all prior allegations as if fully stated herein.

26. Defendants employed Plaintiffs as stated above, and Carlos was also Plaintiffs' employer under the FLSA.

27. Plaintiffs regularly worked for Defendants in excess of forty hours in a workweek.

28. Plaintiffs were not exempt employees as defined by the FLSA and relevant regulations.

29. Defendants never paid Plaintiffs one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

30. Defendants' violations of the FLSA were knowing and willful.

**WHEREFORE**, Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

    a. Awarding all unpaid overtime wages due and owing to the Plaintiffs;

    b. Awarding liquidated damages pursuant to the FLSA;

    c. Declaring that Defendants' conduct violated the FLSA;

    d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

   e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action;

   f. Awarding all other forms of relief, legal or equitable, as authorized by the FLSA; and

   g. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

31. Plaintiffs incorporate all prior allegations as if fully stated herein.

32. Defendants employed Plaintiffs as stated above, and Carlos was also Plaintiffs' employer under the IMWL.

33. Plaintiffs regularly worked for Defendants in excess of forty hours in a workweek.

34. Defendants never paid Plaintiffs one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

35. Defendants' violations of the IMWL were knowing and willful.

**WHEREFORE**, Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

   a. Declaring that the actions complained of herein violate the IMWL, 820 ILCS 105/4a;

   b. Awarding unpaid overtime wages due as provided by the IMWL;

   c. Awarding treble damages pursuant to the IMWL;

d.  Awarding prejudgment interest of 5% per annum on the back wages in accordance with 815 ILCS 205/2;

e.  Awarding penalties in the amount of 5% of all unpaid wages for each month the unpaid wages remain delinquent, per 820 ILCS 105/12(a);

f.  Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

g.  Awarding all other forms of relief, legal or equitable, as authorized by the IMWL; and

h.  Awarding such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully Submitted,

By: /s/ Kevin O'Connor         .

Plaintiffs' Counsel

Kevin F. O'Connor (ARDC #6300449)
Heewon O'Connor (ARDC # 6306663)
O'Connor | O'Connor,
P.C. 110 E. Schiller St.,
Ste 212
Elmhurst, IL 60126
Office. 630-903-6397
Fax. 630-658-0336